**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Seyedparsa Sedighi,<br><br>  Plaintiff,<br><br>v.<br><br>United States Department of State,<br><br>  Defendant. | No. CV-24-00126-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiff's Complaint (Doc. 1), Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), and Motion to Allow Electronic Filing by a Party Appearing Without an Attorney and Supporting Information (Doc. 4). Pursuant 28 U.S.C. § 1915(e)(2), Plaintiff's Complaint is dismissed with leave to amend. Plaintiff's motions to proceed without prepaying fees (Doc. 2)[1] and to file electronically (Doc. 4), however, are granted.

**BACKGROUND**

Plaintiff is a citizen of Iran who resides in Spain and seeks issuance of an F-1 student visa. (Doc. 1 at 2.) He intended to attend Arizona State University for the winter term. (*Id.*) Plaintiff filed for an F-1 student visa. (*Id.*) On August 17 or 18th, Plaintiff was interviewed. (*Id.* at 2–3.) "During this interview, [Plaintiff] was requested to provide

---

[1] Plaintiff does not have a source of income to pay the costs associated with this proceeding. (Doc. 2 at 1.)

additional documentation to clarify [his] exemption from mandatory military service in Iran." (*Id.* at 2.) Plaintiff submitted the required information on August 31st. (*Id.*) On September 20th, Plaintiff further submitted Form DS-5535 to supplement his application. (*Id.*) Since then, Plaintiff's application has remained pending. (*Id.* at 3.)

## DISCUSSION

### I. Legal Standard

With respect to in forma pauperis cases Congress provided that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of § 1915 outlines how prisoners can file proceedings in forma pauperis, § 1915(e) "applies to all in forma pauperis [proceedings], not just those filed by prisoners." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* at 1127. If the court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before the dismissal of the action. *See Lopez*, 203 F.3d at 1127–29.

### II. Analysis

#### A. Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) requires the court to dismiss an action if the court lacks subject matter jurisdiction over the suit. Fed. R. Civ. P. 12(b)(1). Plaintiff asserts that the Court has jurisdiction pursuant to the (1) the Mandamus Act, 28 U.S.C. § 1361, (2) the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706, and (3) federal question jurisdiction, 28 U.S.C. §1331. (Doc. 1 at 1.)

#### 1. Mandamus Act, 28 U.S.C. § 1361

A writ of mandamus is proper for the purpose of "compel[ing] an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361. "The extraordinary remedy of mandamus . . . will issue only to compel the performance of 'a clear nondiscretionary duty.'" *Pittston Coal Grp. v. Sebben*, 488 U.S. 105, 121 (1988) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)). Plaintiff must show that (1) his "claim is clear and certain; (2) the official's duty is non-discretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." *Lucatero v. U.S.I.N.S.*, 69 F. App'x 836, 838 (9th Cir. 2003).

First, Plaintiff's right to relief is clear and certain. He seeks to compel "the Department of State to expedite the processing of [his] F-1 student visa application." (Doc. 1 at 2.) Courts have consistently held that delays of student visa applications are concrete injuries that are redressable by the court. *See, e.g.*, *Ahmadi v. Scharpf*, No. 23-CV-953 (DLF), 2024 WL 551542, at *3 (D.D.C. Feb. 12, 2024) (Plaintiff "has suffered a concrete harm supporting injury in fact," that is also redressable); *Pourabdollah v. Blinken*, No. 23-CV-1603 (DLF), 2024 WL 474523, at *2 (D.D.C. Feb. 7, 2024) (Plaintiffs have Article III standing to contest that the "adjudication of their pending visa applications has been unreasonably delayed in violation of 5 U.S.C. §§ 555(b), 706(1)."). And, courts shall "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Thus, if Defendant has unreasonably delayed adjudication of Plaintiff's F-1 student visa application, then the APA provides Plaintiff with a clear right to relief.

Second, "[w]hen a visa application has been properly completed and executed in accordance with the provisions of the INA and the implementing regulations, the consular officer *must issue* the visa, *refuse* the visa, or, pursuant to an outstanding order under INA 243(d), discontinue granting the visa." 22 C.F.R. § 41.121(a) (emphasis added). *Cf. Shen v. Pompeo*, No. CV 20-1263 (ABJ), 2021 WL 1246025, at *7 (D.D.C. Mar. 24, 2021) (finding that "an alleged failure to" properly and promptly process a visa "within a reasonable time could supply the basis for a mandamus action and is reviewable under the APA").

Third, no other remedy is available to Plaintiff. "Waiting for an agency to act cannot logically be an adequate alternative to an order compelling the agency to act." *Fu v. Reno*,

No. CIV.A. 3:99-CV-0981L, 2000 WL 1644490, at *4 (N.D. Tex. Nov. 1, 2000).

Thus, the Court finds that it has jurisdiction over Plaintiff's claim under the Mandamus Act.

### 2. Administrative Procedure Act

The Court likewise has authority to review Defendant's actions under the APA. The Act provides "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Section 706(1) of the APA authorizes a court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The APA explicitly exempts from judicial review those actions "committed to agency discretion by law." 5 U.S.C. § 701(a). As determined above, Defendant has a nondiscretionary duty to adjudicate Plaintiff's application within a reasonable time. Thus, pursuant to the APA, in conjunction with 28 U.S.C. §1331, the Court has subject matter jurisdiction over Plaintiff's claim.

### B. Failure to State a Claim

### 1. Legal Standard

Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), so that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Id.* When analyzing a complaint for failure to state a claim, "allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Buckey v. Cnty. of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). Legal conclusions couched as factual allegations, however, are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not

sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

### 2. Analysis

As discussed in Part II(A)(1)–(2), Defendant has a nondiscretionary duty to adjudicate Plaintiff's application within reasonable time. However, there are no statutory deadlines for adjudicating F-1 student visa applications. Nonetheless, the APA, directs agencies to "proceed to conclude a matter presented to it" "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time." 5 U.S.C. § 555(b).

The Ninth Circuit has adopted the "TRAC" factors, a six-factor test, for determining whether agency delay is unreasonable:

> (1) the time agencies take to make decisions must be governed by a "rule of reason"[;] (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason[;] (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake[;] (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority[;] (5) the court should also take into account the nature and extent of the interests prejudiced by the delay[;] and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed."

*Brower v. Evans*, 257 F.3d 1058, 1068 (9th Cir. 2001) (quoting *Independence Mining Co. v. Babbitt*, 105 F.3d 502, 507 n.7 (9th Cir.1997)) (citing *Telecomm. Rsch. & Action v. FCC (TRAC)*, 750 F.2d 70, 80 (D.C.Cir.1984)) (alterations in original).

It is unclear when Plaintiff filed his F-1 student visa application. But, according to Plaintiff, his application "has been pending since the interview date of August 17th." (Doc. 1 at 3.) Plaintiff does not submit nor has the Court found any cases that conclude that a six-month delay in processing a F-1 student visa application is unreasonable. *See e.g.*, *Shen*, 2021 WL 1246025, at *8 (finding that a twenty-one-month delay was not unreasonable); *Yavari v. Pompeo*, No. 19-cv-2524, 2019 WL 6720995, at *8 (C.D. Cal. Oct. 10, 2019) ("District courts have generally found that immigration delays in excess of

five, six, seven years are unreasonable . . . ."); *Ghali v. Radel*, No. 18-CV-0508-AJB-RBB, 2019 WL 1429583, at *2 (S.D. Cal. Mar. 29, 2019) (finding that a "three plus year delay in processing [plaintiffs] asylum applications" is not unreasonable). While 8 U.S.C. § 1571(b) states that "the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application," this is an aspirational policy, rather than a mandate. Moreover, the same statute expressly recognizes "the current backlog" in processing visa applications.

Thus, Plaintiff has failed to "raise the right to relief above the speculative level." *See Twombly*, 550 U.S. at 555.

### III.   Leave to Amend

Plaintiff will be given an opportunity, if he so chooses, to amend his complaint. In the amended complaint, Plaintiff must state what rights he believes were violated. Fed. R. Civ. P. 8(a)(2). Each claim of an alleged violation must be set forth and labeled in a separate count. The amended complaint must also state why the federal court has jurisdiction over Plaintiff's claims. Any amended complaint filed by Plaintiff must conform to the requirements of Rule 8(a)(2) and (d)(1) of the Federal Rules of Civil Procedure.

Plaintiff is advised that if he elects to file an amended complaint but fails to comply with the Court's instructions explained in this Order, the action will be dismissed pursuant to 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965) (affirming dismissal without leave to amend second complaint that was "so verbose, confused[,] and redundant that its true substance, if any, was [well] disguised").

### CONCLUSION

**IT IS HEREBY ORDERED** granting the application for leave to proceed in forma pauperis (Doc. 2), without prepayment of costs or fees or the necessity of giving security

therefore. Plaintiff shall be responsible for service by waiver or of the summons and complaint.

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1915(e)(2), Plaintiff's Complaint (Doc. 1) is **DISMISSED** for failure to comply with Rule 8, with leave to file an amended complaint **WITHIN 30 DAYS**.

**IT IS FURTHER ORDERED** that if Plaintiff elects not to file an amended complaint **WITHIN 30 DAYS** of the date of this Order, the Clerk of Court shall dismiss without prejudice and terminate this action without further Order of the Court.

**IT IS FURTHER ORDERED** that if Plaintiff elects to file an amended complaint, the complaint may not be served until and unless the Court screens the amended complaint pursuant to 18 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Allow Electronic Filing by a Party Appearing Without an Attorney and Supporting Information (Doc. 4) is **GRANTED**. The party is required to comply with all rules outlined in the U.S. District Court District of Arizona's Case Management/Electronic Case Filing Administrative Policies and Procedures Manual, have access to the required equipment and software, have a personal electronic mailbox of sufficient capacity to send and receive electronic notice of case related transmissions, be able to electronically transmit documents to the court in .pdf format, register as a subscriber to PACER (Public Access to Electronic Records) within five (5) days of the date of this Order and comply with the privacy policy of the Judicial Conference of the United States and the E-Government Act of 2002. Any misuse of the ECF system will result in immediate discontinuation of this privilege and disabling of the password assigned to the party.

Dated this 23rd day of February, 2024.

_____
G. Murray Snow
Chief United States District Judge